UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LATCHMIE NARAYAN
TOOLASPRASHAD,

         Petitioner,

  -against-                                          9:10-CV-01289 (LEK)

DEBORAH G. SCHULT,

         Respondent.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Petitioner Latchmie Narayan Toolasprashad has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a motion to expedite this case and a motion to stay his transfer from the Federal Correctional Institution ("FCI") at Ray Brook pending the outcome of his Petition. Dkt. Nos. 1-3. Petitioner has paid the required filing fee.[1]

**II.    DISCUSSION**

In his Petition, Petitioner challenges his impending transfer from FCI Ray Brook to a facility in Elkton, Ohio. Dkt. No. 1 at 2-7. Petitioner states that on April 29, 2010, he was

---

[1] Petitioner has another habeas petition currently pending in this Court in which he challenges a Bureau of Immigration and Customs Enforcement ("ICE") detainer on the ground that the detainer was improperly lodged against him because it was previously resolved, and because ICE has failed to recognize his prior military service, which Petitioner states qualifies him for status as a non-citizen national. See Toolasprashad v. Schult, No. 10-CV-01050.

found guilty of a disciplinary incident at FCI Fort Dix, and on June 1, 2010, he was transferred from FCI Fort Dix to FCI Ray Brook. Dkt. No. 1 at 3-4. Petitioner states that he appealed the disciplinary ruling, and on July 16, 2010, the decision was reversed and the incident report was expunged. Id. at 5.

Petitioner states that on July 19, 2010, he submitted an Inmate Request to Staff form to his case manager in which he asked that his custody classification be corrected and that he be transferred back to FCI Fort Dix. Dkt. No. 1 at 5; Ex. 5. On August 18, 2010, Petitioner filed an informal resolution (BP-8) at FCI Ray Brook asking that he be transferred back to FCI Fort Dix because that facility is closer to his family, and that on September 21, 2010, his request to was granted. Id. at 6-7; see Ex. 6. Petitioner states that it is his understanding that instead of honoring his request to be transferred to FCI Fort Dix, he will instead be transferred to a facility located in Elkton, Ohio because a medical transfer was initiated instead of a "lesser security" transfer. Id. at 7. Petitioner argues that because the incident report that resulted in his transfer from FCI Fort Dix was expunged, he should be returned to his pre-incident report status, including being housed at FCI Fort Dix. Id. at 7-10. In light of Petitioner's *pro se* status, the Court will direct a response to the Petition.

Petitioner has also filed (1) a motion to expedite this action because "a liberty interest exists for both his parents and himself" (Dkt. No. 2 at 1);[2] and (2) a motion asking that the Court issue an order preventing him from being transferred until his Petition is decided (Dkt.

---

[2] To the extent that Petitioner has also requested that "The Honorable Lawrence E. Kahn, United States District Judge, and the Honorable David R. Homer, United States Magistrate Judge" be assigned to this case, his request is denied as moot. Id.

2

No. 3). A party seeking injunctive relief must ordinarily show "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009)(quoting Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989)).

    Nothing in the motions before this Court indicates that Petitioner will suffer irreparable injury if he is transferred from FCI Ray Brook to a facility in Ohio. Petitioner's likelihood of success on the merits in this case is doubtful because an inmate has no liberty interest in serving his or her sentence at a particular facility. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Congress has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners. See 18 U.S.C. § 3621; United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995)(The Bureau of Prisons ("BOP") has "sole discretion" to determine the facility in which a federal prisoner should be placed). Thus, Petitioner does not have a right to stop his relocation or to request confinement at any particular facility. Pedreira v. Lindsay, No. 08-CV-2304, 2008 WL 4185702, at *2 (E.D.N.Y. Sept. 8, 2008); Capra v. Warden, Metropolitan Correctional Center, No. 86-Civ-6656, 1986 WL 14301 at *1 (S.D.N.Y. Dec. 4, 1996). Petitioner's requests for expedited consideration of this Petition, and for an order enjoining his transfer, are therefore denied.

### III.   CONCLUSION

For the foregoing reasons, it is:

    **ORDERED**, that the Clerk of the Court serve copies of the petition along with this

Order upon Petitioner, Respondent and the United States Attorney for the Northern District of New York, in accordance with the Local Rules; and it is further

**ORDERED**, that Petitioner's motion to expedite this action (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED**, that Petitioner's motion enjoining his transfer from FCI Ray Brook until his Petition is decided (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that the Respondent shall file and serve an answer to the Petition, and provide the Court with the records relevant to the Petition,[3] within sixty (60) days of the date of this Order; and it is further

**ORDERED**, that upon the filing of the Respondent's answer, the Clerk shall forward the file to the Court for review; and it is further

**ORDERED**, that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any paper that they send to the Court or to the Clerk of the Court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel.  The Court will strike any letter or other document that the Court or the Clerk of the Court receives which does not include a proper certificate of service.  Petitioner must comply with any

---

[3] The records provided to the Court must be arranged in chronological order, sequentially numbered and otherwise conform fully with the requirements of Local Rule 72.4.

requests by the Clerk's Office for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.

The parties are advised that this case will not be referred to a Magistrate Judge as provided for under Local Rule 72.3 (c). See General Order No. 32. Therefore, all motions filed in this action are to be made returnable before the undersigned on any business day with proper allowance for notice as required by the Rules. All parties must comply with Rule 7.1 of the Northern District of New York in the filing of motions. All motions will be decided on papers with no appearances and without oral argument unless otherwise ordered by this Court.

**IT IS SO ORDERED**.

DATED:	December 03, 2010
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge