UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LATCHMIE NARAYAN
TOOLASPRASHAD,

         Petitioner,

  -against-                             9:10-CV-1289 (LEK)

DEBORAH G. SCHULT,

         Respondent.

## **DECISION and ORDER**

### I. INTRODUCTION

Petitioner Latchmie Narayan Toolasprashad ("Petitioner" or "Toolasprashad") filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision by officials at the Federal Correctional Institution ("FCI") in Ray Brook to transfer him to a correctional facility in Ohio. Dkt. No. 1 ("Petition") at 2-7. Respondent has filed an Answer to the Petition, and Petitioner has filed a Traverse. Dkt. Nos. 13 ("Answer"), 19 ("Traverse"). For the reasons that follow, the Petition is denied and dismissed.

### II. BACKGROUND

In 1987, Petitioner was convicted of and sentenced to life imprisonment for first degree murder in violation of 18 U.S.C. § 11, and aiding and abetting in violation of 18 U.S.C. § 2, in the United States District Court for the Eastern District of North Carolina. <u>See</u> Declaration of David Salamy (Dkt. No. 13-1) ¶ 5; Salamy Exhibit B (Dkt. No. 13-2).

On or about January 11, 2001, Petitioner was transferred to FCI Fort Dix. Salamy Dec. ¶ 6; Salamy Exhibit C (Dkt. No. 13-2). Following an internal investigation by officials at FCI

Fort Dix, Petitioner was charged in Incident Report Number 2002168 with three Prohibited Act Code Offenses that were alleged to have occurred on or before April 12, 2010.  Salamy Dec. ¶ 7 n.2.  A disciplinary hearing was held on April 29, 2010, and Petitioner was found guilty of each charged act.  Id.  On May 13, 2010, Petitioner appealed these findings, but for safety and security reasons was transferred to FCI Ray Brook before the appeal was decided.  Pet. at 3-4; Salamy Dec. ¶ 8; Salamy Exhibits E and F (Dkt. No. 13-3).

    On June 16, 2010, the regional director remanded Petitioner's case to FCI Ray Brook for rehearing or expungement because a "review of the disciplinary proceedings revealed questions regarding the evidence used to support the Incident Report."  Salamy Exhibit E; Salamy Dec. ¶ 7, n.2.  On remand, the disciplinary hearing officer at FCI Ray Brook reviewed the case and determined that there was insufficient evidence to support the charges against Petitioner.  The disciplinary decision was therefore reversed and the incident report was expunged.  Pet. at 5; Salamy Exhibit D (Dkt. No. 13-3).

After the disciplinary decision was reversed, Petitioner submitted an Inmate Request to Staff form to his case manager, requesting that his custody classification be corrected and that he be transferred back to FCI Fort Dix.  Pet. at 5, 17.  On August 18, 2010, a Request for Transfer form ("transfer request") was completed, asking that Petitioner be re-designated to any appropriate low security level facility based on his increased medical care level.[1]  Salamy Dec.

---

[1] When Petitioner initially arrived at FCI Ray Brook, a Care Level 1 facility, the clinical director in the Health Services Department examined Petitioner as part of a chronic care medical assessment.  Salamy Dec. ¶ 9.  As a result of the examination, Petitioner's medical care level was increased from Care Level 1 to Care Level 2, and FCI Ray Brook was therefore no longer an appropriate facility for him.  Id.; Salamy Dec., Exhibits H and I (Dkt. No. 13-3).

¶ 9; Salamy Exhibit H (Dkt. No. 13-3).  Petitioner also submitted an Informal Resolution form asking that he be transferred to FCI Fort Dix because that facility is closer to his family.  Pet. at 6-7, 18.  According to Petitioner, his request was granted on September 21, 2010.  Id. at 6-7.

According to the Bureau of Prison ("BOP")'s records, Petitioner's transfer request was approved on September 23, 2010, and Petitioner was re-designated to the Northeast Ohio Correctional Center, where Care Level 2 inmates and those with pending immigration detainers are housed.  Salamy Dec. ¶ 9; Salamy Exhibits G and I (Dkt. No. 13-3).  However, Petitioner's new designation was deferred by the BOP's Designation and Sentence Computation Center because a hearing before the parole board was scheduled for November 1, 2010.  Salamy Dec. ¶ 9; Salamy Exhibit G.  Petitioner filed this action on October 25, 2010.  See Pet.

On November 1, 2010, a parole board hearing was held.  Salamy Dec., Exhibit J (Dkt. No. 13-3).  On January 6, 2011, the Parole Commission ordered that Petitioner would be paroled on May 15, 2011, to the physical custody of the Bureau of Immigration and Customs Enforcement ("ICE").  See id.  If ICE chose not to detain him, Petitioner would be paroled to the community on June 15, 2011.  Id.  Based upon Petitioner's parole release date, his pending transfer from FCI Ray Brook to the facility in Ohio was cancelled.  Salamy Dec. ¶ 11.  Petitioner completed his BOP sentence and was taken into ICE custody on May 13, 2011.  Dkt. No. 22.[2]

---

[2] On August 31, 2010, Petitioner filed a separate habeas Petition before the Court in which he challenged the validity of the ICE detainer.  See Toolasprashad v. Schult, No. 10-CV-01050, Dkt. No. 1.  That action was dismissed without prejudice on September 26, 2011.  See id., Dkt. Nos. 51-52.  The Court takes judicial notice of the fact that on May 25, 2011, Respondent notified the Court that Petitioner was released into ICE custody on May 13, 2011.  See id. Dkt. No. 42.

**III.    DISCUSSION**

Because Petitioner was released from BOP custody while this action was pending, the parties have not briefed the Court on the issue of whether it lacks jurisdiction over the Petition, or whether this case is moot.  However, "[w]hether a federal court has subject matter jurisdiction is a question that may be raised at any time . . . by the court *sua sponte*."  McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001) (citation and quotation omitted).  Regardless of a petitioner's subsequent release, a federal court has jurisdiction to issue a writ of habeas corpus if the petitioner was "in custody" at the time his application for relief was filed.  Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968); see also 28 U.S.C. § 2241(c).  The custody requirement is satisfied in this case because, at the time the Petition was filed, Petitioner was in BOP custody at FCI Ray Brook.

Although the custody requirement is satisfied in this case, the Court must also determine whether Petitioner's case must be dismissed as moot, because subject matter jurisdiction is lacking "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citation and quotation omitted).  Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some "'collateral consequence' of the conviction" in order for a petition to be granted.  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Carafas, 391 U.S. at 237-38).  A challenge by a prisoner to his or her underlying conviction itself carries the presumption that a collateral, adverse consequences exists.  Spencer, 523 U.S. at 12.  In this case, however, Petitioner does not challenge his underlying criminal conviction.  Instead, Petitioner argues that because the incident report that

resulted in his transfer from FCI Fort Dix to FCI Ray Brook was expunged, he should be returned to his pre-incident report status, including being transferred back to FCI Fort Dix. See Pet. at 7-10. Thus, no presumption of collateral consequences exists, and Petitioner must prove the existence of a concrete and continuing injury as a consequence of the BOP's decision to transfer him to a facility in Ohio. Spencer, 523 U.S. at 7.

Petitioner has failed to make the required showing. Since the transfer to the Ohio facility, about which Petitioner complains, was cancelled and he is no longer in BOP custody, there is no longer a live case or controversy before this Court. See Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008) (transfer to federal institution made a challenge to conditions of confinement at state penitentiary moot); Levine v. Apker, 455 F.3d 71, 76 (2d Cir. 2006); Davis v. New York, 316 F.3d 93, 99 (2d Cir. 2002). The Petition is therefore denied and dismissed.[3]

## IV. CONCLUSION

Accordingly, it is hereby:

---

[3] Further, even if this case was not moot, no relief would issue because "[t]he BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility." Levine, 455 F.3d at 83; see United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995) (stating that a sentencing court "has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons"); Pedreira v. Lindsay, No. 08-CV-2304, 2008 WL 4185702, at *2 (E.D.N.Y. Sept. 8, 2008) (same). Absent a showing that the challenged confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or that the BOP's action "will inevitably affect the duration of his sentence," Petitioner does not have a constitutionally protected liberty interest in being transferred to a particular facility. Sandin v. Conner, 515 U.S. 472, 484, 487 (1995); see also Meachum v. Fano, 427 U.S. 215, 224-25 (1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison.").

**ORDERED**, that Toolasprashad's Petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED in its entirety;** and it is further

**ORDERED**, that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   November 29, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge